## Simmons v. Ballard County.

(Decided February 5, 1914.)

Appeal from Ballard Circuit Court.

Contracts—Breach—Action for Damages—Peremptory Instruction. —In an action against a county for damages for its refusal to permit plaintiff to comply with his contract to do certain grader and scraper work on its roads, contract and evidence examined, and held that a peremptory instruction in favor of the defendant was properly given.

J. B. WICKLIFFE for appellant.

H. F. TURNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, A. C. Simmons, brought this action against defendant, Ballard County, to recover $2,000 damages for an alleged violation of a contract by which he was employed to furnish a grader outfit and do certain work on the roads of that county. At the conclusion of the evidence, the trial court gave a peremptory instruction in favor of defendant. Plaintiff appeals.

The contract which is the basis of the suit is as follows:

"This contract between Ballard County of the first part and A. C. Simmons, party of the second part.

"Witnesseth: That whereas the party of the first part, Ballard County has heretofore duly advertised for teams, tools, etc., necessary to operate one grader crew, three such crews desired, each crew or outfit to be as hereinafter set out, said three crews or outfits to be used in working the public roads of Ballard County, during the year of 1912. Now the party of the second part, A. C. Simmons, being the lowest and best bidder, for one of

said crews or outfits, according to the judgment of the members of the Ballard Fiscal Court, he was awarded the contract for one such outfit or crew.

"The second party, A. C. Simmons, hereby agrees to furnish to the County of Ballard, Kentucky, on such outfit or crew, to consist of eight work mules, three good men to work as hands, together with board necessary for two men or hands to be furnished by the County of Ballard, all necessary harness, double trees, single trees, neck yokes, chains and any other thing necessary to pull and operate one grader, to be furnished by the County of Ballard, and plows and scrapers necessary for work required by first party. The party of the first part, Ballard County, Kentucky, agrees to pay to the second party, A. C. Simmons, the sum of $20.00 for all days of ten working hours, that the second party works said outfit or crew as set out above for first party, Ballard County, Kentucky, to-wit: "the furnishing of said outfit or crew and pulling or operating grader, plows and scrapers.

"All work done hereunder by second party for first party as set out above shall be done by second party under the direction and supervision of the road and bridge supervisor for Ballard County, Kentucky, and shall be done in the year 1912."

The evidence shows that there were three grader outfits employed in working the roads in the year 1912. These crews were employed up until September 2nd. During that time plaintiff furnished his crew and worked the roads 100 days, and was paid therefor at the rate of $20 a day. After September 2nd none of the regular grader crews were used in working the roads. Some grader work and a little scraper work was done after that time. This was mere repair work to put the roads in condition for immediate use. In doing this work it was not necessary to use a complete grader outfit, but only necessary to use a smaller outfit, which was much less expensive.

It is the contention of plaintiff that he was entitled under his contract to do one-third of all the grader and scraper work necessary to be done on the roads during the year 1912, and that as he was prevented from doing any work after September 2, he is entitled to recover his proportionate part of the work that was actually done.

It will be observed, however, that the contract in question does not bind the county to use plaintiff's grader crew for any definite period of time. It merely obligates the county to pay plaintiff $20 for each day that plaintiff worked his outfit, and further provided that all work done by plaintiff for the county should be done under the direction and supervision of the road and bridge supervisor. The length of time that a full grader outfit should be worked was optional with the county. Giving to the contract the construction most favorable to plaintiff, it only obligated the county to use and pay for plaintiff's grader outfit so long as the officers of the county saw proper to have the work done by a full grader crew. When in their judgment it was no longer necessary to operate a full grader crew they were not required to continue the further use of plaintiff's outfit. The evidence leaves no doubt that the work done after September 2nd was mere repair work, and that in doing this work it was not necessary to employ a full grader crew. As a full grader crew was not used for this work, plaintiff cannot complain of the fact that the county declined to use his crew. We therefore conclude that the trial court did not err in directing a verdict in favor of defendant.

Judgment affirmed.